UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:25-cr-170-TWP-MKK |
| v. | ) | |
| | ) | |
| AUSTIN GROSS | ) | SEALED |
| a/k/a Mr. Shhhhh a/k/a Walter White | ) | |
| a/k/a Borrowedtime_EK | ) | |
| a/k/a bigaudiracks a/k/a Dutch a/k/a | ) | |
| $johnnydang1212 a/k/a James Walker, | ) | -01 |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S MOTION TO SEAL DOCKET ENTRY NO. 54

The United States of America, through undersigned counsel, moves this Court to seal Docket Entry No. 54. The government states as follows:

1. The Grand Jury issued an indictment in the above-captioned case. In sum, the defendant Austin Gross ("the defendant") has been charged with crimes that involve his use of cell phones to coordinate murders and ship massive amounts of narcotics while federally incarcerated in the Bureau of Prisons ("BOP"). In Docket Entry No. 54, due to the unique and serious nature of this case, the government seeks restrictions on the defendant's pretrial detention.

2. Docket Entry No. 54 should be sealed for two principal reasons. First, the docketed motion seeks restrictions on the defendant's pretrial detention because he has been able to coordinate criminal conduct while in

1

federal custody through charged and uncharged co-conspirators. There is a real risk that he could do so yet again, as explained in that motion, so this Court should seal the entry to prevent future harm. Second, the attachments to the docketed motion include personal information as well as information concerning the administration of the BOP. Redaction will not afford adequate protection in either instance. And, were any portion of the filing visible, the defendant would get the opportunity to overcome whatever restrictions that the Court may impose on him. Third, the motion implicates an ongoing investigation into uncharged coconspirators, who are referenced in the motion. *See, e.g.*, Fed. R. Crim. P. 6(e)(4); *Lopez v. United States*, No. 13-cv-03793, 2015 WL 2120514, at *2 (N.D. Cal. May 5, 2015) (noting that "sealing is warranted where disclosure would reveal confidential investigative methods or techniques or jeopardize an ongoing investigation" (internal quotations and citation omitted)); *United States v. Betancourt*, No. 17-30022, 2019 WL 1767396, at *2 (D. Mass. Apr. 22, 2019) (collecting cases). Accordingly, there is good cause to seal this motion.

For these reasons, the government moves this Court to seal Docket Entry No. 54.

Respectfully submitted,

THOMAS E. WHEELER II
United States Attorney

By:       /s/ *Brendan J. Sullivan*
Michelle P. Brady
Brendan J. Sullivan
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that on **August 26, 2025,** a copy of the foregoing motion, was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_s/Brendan J. Sullivan_
Brendan J. Sullivan
Assistant United States Attorney
Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: 317-226-6333