UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) No. 1:25-cr-170-TWP-MKK | |
| v. | ) | |
| | ) | |
| AUSTIN GROSS a/k/a Big Johnny a/k/a audi | ) | |
| a/k/a bigaudiracks a/k/a Mr. Shhhhh | ) | |
| a/k/a BORROWEDTIME_EK a/k/a Dutch | ) | |
| a/k/a Little A  a/k/a Mr_Tryem | ) | |
| a/k/a Mr. Drug God a/k/a Dexter Moser | ) | |
| a/k/a The Contractor a/k/a James Walker | ) | |
| a/k/a Abraham Washington | ) | |
| a/k/a John Washington a/k/a James Keith | ) | |
| a/k/a G.i Joe a/k/a $bigmylar | ) | |
| a/k/a $lilginny123 a/k/a $airlinesflyer | ) | |
| a/k/a $frenchbulldogs123 | ) | |
| a/k/a $johnnydang1212 | ) | |
| a/k/a austingross2745@yahoo.com | ) | |
| a/k/a harleydavis0301@gmail.com | ) | |
| a/k/a Walter White, | ) | -01 |
| | ) | |
| Defendant. | ) | |

NOTICE OF INTENT TO SEEK THE DEATH PENALTY

Pursuant to the requirements of 18, United States Code, Section  3593(a), the United States of America hereby notifies the Court and the Defendant AUSTIN GROSS that the United States believes that the circumstances of the offenses charged in Counts Two, Six, Seven, Eight, and Nine of the Indictment are such that, in the event of a conviction, a sentence of death is justified and under Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code, and that the United States will seek the sentence of death for these offenses: Continuing Criminal Enterprise Including the Intentional Killing of One

1

or More Individuals, Tampering with a Witness by Killing, and Causing Death by Using a Firearm During and In Relation to a Crime of Violene, all of which carry a possible sentence of death.

The United States proposes to prove the following factors as justifying a sentence of death regarding Counts Two, Six, Seven, Eight, and Nine as specified below:

(A)  AUSTIN GROSS was 18 years of age or older at the time he committed the offenses in the indictment (Counts Two, Six, Seven, Eight, and Nine).

(B)  Statutory Threshold Factors Enumerated Under 18 U.S.C. § 3591(a):

1.  AUSTIN GROSS intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Spencer Lawson, Aaliyah Wortman, and Londyn Coleman died as a direct result of the act (Counts Six, Seven, Eight, and Nine). 18 U.S.C. § 3591(a)(2)(C).

(C)  Statutory Threshold Factors Enumerated Under 18 U.S.C. § 3591(b):

1.  AUSTIN GROSS committed an offense referred to in section 408(c)(1) of the Controlled Substances Act (21 U.S.C. § 848(c)(1)), committed as part of a continuing criminal enterprise offense which involved not less than 20 kilograms of methamphetamine and 24 kilograms of fentanyl (that is, twice the quantity of controlled substance described in subsection (b)(2)(A) of 21 U.S.C. § 848) (Count Two). 18 U.S.C. § 3591(b)(1).

2.  AUSTIN GROSS committed an offense referred to in section

2

408(c)(1) of the Controlled Substances Act (21 U.S.C. 848(c)(1)), as part of a continuing criminal enterprise offense under that section, where AUSTIN GROSS was a principal administrator, organizer, or leader of such an enterprise, and AUSTIN GROSS, in order to obstruct the investigation or prosecution of the enterprise or an offense involved in the enterprise, knowingly directed, advised, authorized, or assisted another to attempt to kill any witness (Count Two). 18 U.S.C. § 3591(b)(2).

(D) Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).

1.    **Grave Risk of Death to Additional Persons**. AUSTIN GROSS, in the commission of the offense and/or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Counts Six, Seven, Eight, and Nine). 18 U.S.C. § 3592(c)(5).

2.    **Substantial Planning and Premeditation**. AUSTIN GROSS committed the offenses (Counts Six, Seven, Eight, and Nine) after substantial planning and premeditation to cause the death of a person. 18 U.S.C. § 3592(c)(9).

3.    **Previous Conviction of Serious Federal Drug Offense.** AUSTIN GROSS had previously been convicted of violating Title II or III of the Comprehensive Drug Abuse Prevention and Control Act of 1970 for which a sentence of five or more years may be imposed (Counts Six, Seven, Eight, and Nine). 18 U.S.C. § 3592(c)(12).

4.    **Multiple Killings or Attempted Killings.** AUSTIN GROSS

3

intentionally killed and attempted to kill more than one person in a single criminal episode (Counts Six, Seven, Eight, and Nine). 18 U.S.C. § 3592(c)(16).

(E) <u>Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(d).</u>

1. **Previous Serious Drug Felony Conviction**. AUSTIN GROSS has previously been convicted of another Federal or State offense involving the manufacture, distribution, importation, or possession of a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)) for which a sentence of five or more years of imprisonment was authorized by statute (Count Two). 18 U.S.C. § 3592(d)(3).

2. **Use of a Firearm**. AUSTIN GROSS, in committing the offense charged in Count Two of the indictment, knowingly directed, advised, authorized, or assisted another to use a firearm to threaten, intimidate, assault, or injure a person (Count Two). 18 U.S.C. § 3592(d)(4).

3. **Using Minors in Trafficking**. The Continuing Criminal Enterprise of which the offense (Count Two) was part involved conduct proscribed by section 420 of the Controlled Substances Act (21 U.S.C. § 861), which was committed directly by the defendant. 18 U.S.C. § 3592(d)(7).

(F) <u>Non-Statutory Aggravating Factors Enumerated Under 18 U.S.C. § 3593(a)(2)</u>:

1. **Victim Impact.** AUSTIN GROSS caused injury, harm, and loss to Spencer Lawson, Aaliyah Wortman, and Londyn Coleman, as well as to the family and friends of those individuals. The injury, harm, and loss caused by AUSTIN GROSS with respect to each deceased victim is evidenced by the victim's

personal characteristics and the impact of the victim's death upon his or her family, friends, and associates. (Counts Two, Six, Seven, Eight, and Nine).

2. **Future Dangerousness of the Defendant.** AUSTIN GROSS represents a continuing danger to the lives and safety of other people. The defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, one or more of the following:

(a) Continuing Pattern of Violence: The defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including, at least, the crimes alleged against the defendant in the Indictment.

(b) Lack of Remorse: The defendant has demonstrated a lack of remorse for the capital offenses committed in this case, as indicated by defendant's statements and actions during and following the offenses alleged in the Indictment.

(c) Low Rehabilitative Potential: The defendant has demonstrated a low potential for rehabilitation as evidenced by his longstanding involvement in criminal activities, including drug trafficking and violence, leading up to the capital offenses charged in the Indictment, which were committed while AUSTIN GROSS was incarcerated in the Bureau of Prisons.

3. **Institutional Misconduct**. AUSTIN GROSS has committed repeated acts of institutional misconduct while in the custody of federal, state and local agencies, including (a) the possession of contraband cellular phones;

(b) the direction of a Continuing Criminal Enterprise, and (c) the orchestration of multiple homicides.

The Government further gives notice that in support of imposition of the death penalty on Counts Two, Six, Seven, Eight, and Nine, it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as described in the indictment as they relate to the background and character of the defendant, his moral culpability, and the nature and circumstances of the offenses charged in the Indictment.

Respectfully submitted,

THOMAS E. WHEELER II
United States Attorney


  /s/ Michelle P. Brady
Michelle P. Brady
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2026, a copy of the foregoing Novice was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ Michelle P. Brady* _
Michelle P. Brady
Assistant United States Attorney
Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: 317-226-6333